IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:20-CR-00122(1)-RP |
| | § | |
| PAUL KRUSE | § | |

## DEFENDANT'S MOTION TO DISMISS THE CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

TO THE HONORABLE ROBERT PITMAN,
UNITED STATES DISTRICT JUDGE:

PAUL KRUSE, through his attorneys Chris Flood and John Cline, moves for an Order dismissing the case for lack of subject-matter jurisdiction. The Fifth Circuit has declared repeatedly that a district court lacks subject-matter jurisdiction over felony charges unless there is either an indictment or an information accompanied by a waiver of the right to indictment. Because the record contains neither an indictment nor a waiver of indictment, the Court lacks jurisdiction, and the case must be dismissed.

## ARGUMENT

On May 1, 2020, the government filed an information purporting to charge Kruse with seven felony offenses. Doc. 1. Kruse has made clear at all times that he does not waive his right to indictment under U.S. Const. Amend. V and Fed. R. Crim. P. 7(a)(1)(B). Similarly, he has preserved his objection to this Court's jurisdiction.

The Fifth Circuit has recognized that "[i]n the absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the jurisdiction of the convicting

court." *United States v. Teran*, 98 F.3d 831, 835 (5th Cir. 1996); *see, e.g., United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994) ("'Unless there is a valid waiver, the lack of an indictment in a federal felony case is a defect going to the jurisdiction of the court.'") (quoting *United States v. Montgomery*, 628 F.2d 414, 416 (5th Cir. 1980)); *see also, e.g., United States v. Machado*, 2005 U.S. Dist. LEXIS 26255, at *5 (D. Mass. Nov. 3, 2005) ("[T]he court has no subject matter jurisdiction over a prosecution in which the government has filed an information without obtaining a valid waiver of indictment. . . . [A] court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is virtually meaningless." (quotation omitted)); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996) ("It is beyond peradventure that the absence of a valid waiver of prosecution by indictment is a jurisdictional defect that bars the acceptance of a guilty plea or the commencement of trial on the relevant charges."); *United States v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991) ("Unless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the court."); *United States v. Clemenic*, 1988 U.S. Dist. LEXIS 12601, at *8 (N.D. Ill. Oct. 24, 1988) ("[A] court only has jurisdiction over felony proceedings brought on the basis of an indictment or brought upon an information where there is a valid waiver of indictment.").[1]

---

[1] In *United States v. Daughenbaugh*, 549 F.3d 1010 (5th Cir. 2008), the court of appeals observed that "because criminal defendants may waive the right to grand jury indictment, *see* Fed. R. Crim. P. 7(b), a failure to actually secure such a waiver does not affect a district court's power to hear a case." *Id*. at 1012 (citing *United States v. Cotton*, 535 U.S. 625 (2002)). But *Daughenbaugh* did not cite--much less distinguish or purport to overrule--*Teran*, *Moore*, and *Montgomery*. And the circumstances of *Daughenbaugh* were vastly

Because the record contains neither an indictment nor a waiver of indictment, the Court lacks subject-matter jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the case for lack of subject-matter jurisdiction.

---

different from this case.  The defendant in *Daughenbaugh* had pleaded guilty to a felony information after being expressly advised of, and acknowledging, his right to indictment by a grand jury.  All that was missing was an explicit waiver of that right in open court. *See* 549 F.3d at 1011.  Here, Kruse has not pleaded guilty; he has at all times asserted his right to indictment by a grand jury; he has declined to waive that right; and he has expressly reserved his objection to the Court's jurisdiction.  *Cotton*, on which *Daughenbaugh* relied, is even farther off the point.  There, the defendant had been indicted by a duly constituted grand jury; his only complaint was that the indictment did not plead the quantity of drugs he was accused of distributing.  *See* 535 U.S. at 628-31.  That obviously non-jurisdictional pleading defect bears no resemblance to the total failure properly to initiate a felony prosecution at issue here.

Respectfully Submitted,

*/s/ Chris Flood*
Chris Flood
Email: chris@floodandflood.com
Texas Bar No. 07155700
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
713-223-8877
713-223-8879 (Fax)


*/s/ John D. Cline*
John D. Cline
Email: cline@johndclinelaw.com
California Bar No. 237759
50 California Street, Suite 1500
San Francisco, CA 94111
(415) 662-2260
(415) 662-2263 (Fax)

**ATTORNEYS FOR PAUL KRUSE**


## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Chris Flood*
Chris Flood