IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff.** | } | |
| | } | |
| **v.** | } | **CRIMINAL NO. 1:20-CR-00122-RP** |
| | } | |
| **PAUL KRUSE,** | } | |
| | } | |
| **Defendant.** | } | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE CASE
FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE ROBERT PITMAN,
UNITED STATES DISTRICT JUDGE:

The United States properly instituted a felony criminal information against defendant PAUL KRUSE on May 1, 2020, amidst the exigent circumstances of a global pandemic that precluded safely convening a grand jury. The defendant chose not to waive prosecution by indictment, and the information therefore should now be dismissed. Pursuant to statute, the United States may seek the return of a new indictment within six months of the date of dismissal of the information, or six months from the date when the next regular grand jury is convened. 18 U.S.C. § 3288. During that time, any applicable statute of limitations will be tolled. *Id*. While the public health circumstances surrounding this matter are unusual, the law sets a straightforward course to follow.

1

**ARGUMENT**

**1.   A Felony Information May Lawfully Institute a Criminal Proceeding**

By statute, "except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  18 U.S.C. § 3282(a).  The filing of an information, even without defendant's waiver of indictment, qualifies as "institut[ing]" the information under 18 U.S.C. § 3282(a).  *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998).  In *Burdix-Dana*, the Court reasoned that although the "absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or trial," it does not "mak[e] the filing of an information a nullity."  *Id.*; *see also United States v. Cooper*, 956 F.2d 960, 962-963 (10th Cir. 1992) (applicable rule does not prohibit the filing of an information in the absence of waiver of indictment by defendant; instead, the rule proscribes *prosecution* without waiver).  The United States is unaware of any court of appeals opinion that conflicts with the commonsense holding in *Burdix-Dana*.

Section 3282 contains no requirement that the United States must not only file an information but also obtain a defendant's waiver of indictment before the expiration of the statute of limitations.  Instead, the statute requires only that the information be "instituted"—that is, "inaugurate[d]," "commence[d]," "start[ed]," or "introduce[d]."  *Black's Law Dictionary* 800 (6th Ed. 1990).  In a different statutory context, the Supreme Court has construed "instituted" in exactly that fashion.  *Gollust v. Mendell*, 501 U.S. 115, 124 (1991).  Institution requires only "commencement[.]"  *Id.*

This position is consistent with courts' interpretation of Federal Rule of Criminal Procedure 7(b), which states that an information may be used to prosecute a felony case with a

valid waiver of indictment.  Rule 7(b) does not "prohibit the *filing* of an information in the absence of a waiver by the defendant.  Instead, the rule proscribes *prosecution* without waiver.  Therefore, [an] information [can be] filed within the period of limitations, thus providing a valid basis for prosecution."  *United States v. Cooper*, 956 F.2d 960, 962–63 (10th Cir. 1992).

The defendant correctly cites to Fifth Circuit cases for the proposition that an information should be dismissed where there is no valid waiver of indictment.  However, those cases do not hold that a waiver is required to *institute* an information.  *See United States v. Teran*, 98 F.3d 831, 835 (5th Cir. 1996) (indictment or waiver of indictment is necessary to convict defendant of a felony); *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994) (analyzing validity of defendants' written waivers of indictment); *United States v. Montgomery*, 628 F.2d 414, 416 (5th Cir. 1980) (analyzing whether defendant's waiver of indictment was made knowingly).

Two of the cases cited by defendant from outside the Fifth Circuit are in accord with the United States' position that a felony information validly institutes a criminal proceeding.  *See United States v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991) (an information may be filed before the defendant waives his right to be prosecuted by indictment but he cannot be required to plead or be tried until such waiver has been made); *United States v. Watson*, 941 F. Supp. 601, 602-03 (N.D. W.Va. 1996) (citing to *Montgomery* for the proposition that the lack of a valid waiver of indictment goes to the jurisdiction of the court but stating that an information may be filed without a waiver).  In fact, the partial quote from *Watson* cited by defendant, "[i]t is beyond peradventure that the absence of a valid waiver of prosecution by indictment is a jurisdictional defect that bars the acceptance of a guilty plea or the commencement of trial on the relevant charges," goes on to state that "[i]t does not follow from that proposition, however, that a waiverless information cannot therefore be 'instituted' within the meaning of § 3282."  *Id.* at 603.

Defendant does not seem to argue in his motion that the information in this case was not properly instituted, but he does cite to one district court case that is in disagreement with the holding in *Burdix-Dana*. However, that case from the District of Massachusetts is not controlling authority, and the court in that case also acknowledged that "the few courts to have considered the question have reached the opposite conclusion." *United States v. Machado*, 2005 WL 2886213, at *8. Along those lines, the United States also brings the court's attention to *United States v. Sharma*, in which a district court in the Southern District of Texas questioned the holding in *Burdix-Dana* that a felony information can properly institute a criminal proceeding. *United States v. Sharma*, 2016 WL 2926365. However, the *Sharma* court noted two crucial distinctions: First, the court found that exigent circumstances could provide a valid basis to proceed by information. *Id.* at *3-4. Second, the court noted that the information in *Sharma* was filed under seal, keeping it hidden from the defendant and public scrutiny and thereby undermining one of the purposes of filing within the statute of limitations. *Id.* at *4.

In the instant case, the ongoing pandemic prevented a safe meeting of the grand jury and constituted a considerable exigent circumstance. Further, the United States filed the information publicly to provide defendant with notice of the charges and allegations against him. Therefore, *Sharma* is not in direct contradiction with the United States' position. As with *Machado*, it also is not controlling authority.

In sum, the statute and case law interpreting it support the United States' assertion that the government lawfully instituted an information charging the defendant here with seven felony counts.

4

**2. The Information was Properly Filed Within the Statute of Limitations Period**

An information must be instituted within five years after an offense is committed.  18 U.S.C. § 3282(a).  In this case, the information filed on May 1, 2020 sets out seven counts that allege crimes committed between February 19, 2015 and April 7, 2015, as well as certain aspects of a conspiracy that appropriately reach back further than those dates.  These counts are all within the statute of limitations.  First, the defendant signed a one-month tolling agreement with the United States dated January 21, 2020.  (Exhibit #1).  The tolling agreement alone means that counts 1 and 6-7 of the information are within the statute of limitations.  Further, the Chief Judge for the Western District of Texas subsequently issued an order tolling all deadlines, including all statutes of limitations, beginning on March 16, 2020.  *Additional Order Regarding Grand Jury Proceedings Under the Exigent Circumstances Created by the COVID-19 Pandemic* (March 16, 2020) available at https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/ORDER-re-Grand-Jury-Proceedings-031620.pdf.  The Chief Judge subsequently extended the tolling of statutes of limitations through supplemental orders which remain in place through June 30, 2020. *Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic* (April 15, 2020) available at https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/SupplementalOrderCOVID19-041520.pdf; *Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic* (May 8, 2020) available at https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/SupplementalOrderCOVID19%20050820.pdf.  The Chief Judge's orders means that counts 2-5 of the information also fall within the statute of limitations.

### 3.   The Appropriate Remedy is Dismissal of the Information Pending the Return of a New Indictment Pursuant to Section 3288

Because the defendant chose not to waive indictment in this felony matter, the United States agrees that the information should be dismissed.  The dismissal of the information triggers a tolling period mandated by 18 U.S.C. § 3288 that allows the government to seek an indictment, even if the statute of limitations has expired, within six months after the dismissal of the information or six months from the next date a regular grand jury is convened in the appropriate jurisdiction.  Specifically:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, . . . or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288.  To the extent any applicable statute of limitations has expired on any count, this provision applies to the instant case.[1]  The information is not being dismissed because the government failed to file it "within the period proscribed by the applicable statute of limitations, or some other reason that would bar a new prosecution."  *Id.*  The United States properly instituted the information here within the statute of limitations when no grand jury was able to safely meet.  The United States respectfully requests that the Court enter the proposed order included with this filing that, consistent with § 3288, dismisses the information and provides six months of tolling from the date when the next regular grand jury is convened.

---

[1] The United States notes that the orders issued by the Chief Judge for the Western District of Texas tolling all statutes of limitations beginning on March 16, 2020 also apply to the instant case independent from the tolling prescribed by 18 U.S.C. §3288.

6

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court find that the United States lawfully instituted a felony criminal information against defendant within the statute of limitations, that information should now be dismissed, and that the United States may seek the return of a new indictment pursuant to 18 U.S.C. § 3288.


Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
United States Department of Justice

GUSTAV W. EYLER
Director
Consumer Protection Branch
United States Department of Justice


By: /s/ Patrick Hearn
    PATRICK HEARN
    Trial Attorney
    Consumer Protection Branch
    United States Department of Justice


    /s/ Matthew J. Lash
    MATTHEW J. LASH
    Trial Attorney
    Consumer Protection Branch
    United States Department of Justice

    ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, I electronically filed the foregoing document with the clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record.

<div style="margin-left: 45%;">

/s/ Matthew J. Lash
MATTHEW J. LASH
Trial Attorney
Consumer Protection Branch
United States Department of Justice

</div>

**<u>EXHIBIT #1</u>**

## STATUTE OF LIMITATIONS TOLLING AGREEMENT

This Statute of Limitations Tolling Agreement is entered this 21st day of January 2020. The parties to this Agreement are: (i) Paul Kruse and (ii) the United States Department of Justice, Civil Division, through the Consumer Protection Branch (hereinafter the "Government"). Paul Kruse, and counsel for Paul Kruse, and the Government, by and through its counsel, hereby agree as follows:

(1)     The Government is presently conducting an investigation of your client, Paul Kruse. The conduct being investigated includes, without limitation, the possible violation by Paul Kruse of various federal criminal statutes, including, but not limited to, 21 U.S.C. § 331 (introduction of an adulterated food product into interstate commerce), 18 U.S.C. § 371 (conspiracy), and 18 U.S.C. § 1343 (wire fraud) in connection with the distribution and subsequent recall of certain food products.

(2)     Paul Kruse and the Government agree that it is in their interests, and the interest of justice to enter into this Agreement for the purpose of giving the Government time to review information provided by Paul Kruse and his counsel and to permit Mr. Kruse and the Government time to discuss a potential plea agreement to resolve Mr. Kruse's role in the Government's investigation.

(3)     This Agreement applies to all possible federal criminal offenses that relate to Blue Bell Creameries L.P.'s ("Blue Bell") distribution of adulterated or potentially adulterated food products and/or that relate to Blue Bell's withdrawal or subsequent recall of food products in 2015. Such possible violations of federal law include, but are not limited to, the possible violations identified in paragraph (1).

(4)     Paul Kruse and the Government hereby agree that the period during which the running of any applicable statute of limitations shall be tolled by this Agreement ("the Tolling Period") as defined below.

    **A.     The Tolling Period shall be deemed to have started as of midnight EST on January 21, 2020.**

    **B.     The Tolling Period shall end at the earlier of midnight EST on February 21, 2020, or any earlier date on which the Government may initiate a criminal proceeding against Paul Kruse.**

(5)     By this Agreement, Paul Kruse and his counsel agree that the running of any applicable statute of limitations or any similar equitable doctrine, including but not limited to 18 U.S.C. § 3282, as applied under

paragraphs (3) and (4) above, shall be suspended or tolled continuously for the duration of the Tolling Period and shall not count against any calculation of the statute of limitations.

(6)   The Parties further agree that the Tolling Period shall not be considered or assessed against the United States for purposes of any constitutional, statutory, or other challenge involving a claim of pre-indictment delay relating to any alleged violation of any relevant federal law.

(7)   Paul Kruse, having been advised by his counsel of the potential consequences of this Agreement to his rights under the Fifth and Sixth Amendments of the United States Constitution, the federal statute of limitations and Rule 48(b) of the Federal Rules of Criminal Procedure, expressly waives his right to raise any defense based upon the failure of a federal grand jury or the United States to charge him with any violation of any relevant federal law made in reliance on time included in the Tolling Period.

(8)   Nothing in this Agreement shall revive any claim or charge for which the applicable statute of limitations may have already run prior to commencement of the Tolling Period.

(9)   The act of entering into this Agreement does not constitute an admission by Paul Kruse of any wrongdoing. This Agreement has been entered into for the sole purpose of furthering discussions and the exchange of information between Paul Kruse and the Government.

(10)  Neither this Agreement nor the substance of its contents is admissible as evidence for any purpose in any proceedings, except a proceeding involving the application or interpretation of this Agreement itself.

(11)   Nothing in this Agreement shall limit or affect the right or ability of the Government to seek or initiate, in its sole discretion, any criminal charges against Paul Kruse for the violation of any federal law occurring at any time.

AGREED TO:

Gustav W. Eyler
Director
Consumer Protection Branch
United States Department of Justice

By: _____

Patrick Hearn
Trial Attorney
Department of Justice


Paul Kruse
3880 Mustang Road
Brenham, TX 77833


By: _____

Paul Kruse


ACKNOWLEDGED BY:

Counsel for Paul Kruse


Chris Flood
Flood & Flood
914 Preston ste. 800
Houston, Texas 77002


By: _____

Chris Flood